JOHNSON
*vs*
MORRISON.

---

CHANCERY.

*Case 27.*

· *Sept.* 27.

# Johnson *vs* Morrison.

ERROR TO THE FAYETTE CIRCUIT.

*Mortgages. Rent. Liens.*

CHIEF JUSTICE EWING delivered the opinion of the Court. ·

THE answer of Johnson, which is made a cross bill against all the parties, purports to be an answer to the bill of Morrison only ; and no process seems to have been taken out against any of course none other but Morrison was bound to notice it, or make response to it. Morrison did answer and controvert the claims set up. As to him it has been frequently said by this Court, that the lien claimed for rent, was not available against the claims of a mortgagee. Johnson's lien for rent, set up and asserted long after the mortgage was executed, cannot prevail against Morrison's mortgage. Besides, it is not shown that the claim for rent embraced by the note, is for the last years rent, nor when the rent accrued, nor whether the rent accrued for past occupation, or was a promise to pay so much for future occupation. And the landlord has a lien for only one year's rent last past, against even execution and attachment creditors.

Nor do we think that Johnson has any right to be substituted to the lien of Swift and Robins for the amount paid by him on the replevin bond. He undertook for his principal, to pay the debt replevied ; the undertaking created no lien in his behalf, upon the property of his debtor; and though as surety, upon payment, he in equity might be substituted to any liens which the creditor, to whom he made payment, might hold against the principal debtor, because such substitution would be equitable and just; yet he has no right by substitution, to supercede the just claims and liens of other intermediate cred-

*Margin notes:*

*Parties are not made by naming them in the pleadings as such, without process.*

*The claim of a landlord for rents is not available against the claims of a prior mortgage.*

*A surety in a replevy bond thereby acquires no lien on the property of his principal; and tho' a surety paying a debt, may be substituted to the lien of the creditor on the property of the principal, yet such right will not overreach the claims or liens of other*

itors or claimants, as settled by this Court in the case of *Patterson* vs *Pope*, (5 *Dana*, 241.) Johnson trusted to his principal and not to the property attached, or if he looked to the latter, he acquired no lien upon it. He must, therefore, look to his principal for indemnity. Swift and Robins were entitled to both remedies to enforce payment of their debt. Other creditors have a right to their liens, subject to their prior liens, and have more equity than Johnson, who acquired no lien, to avail themselves of the extinguishment in part or whole of Swift and Robins' debt, by the legal remedy which the law afforded them.

The decree of the Circuit Court is affirmed with costs.

*Goodloe* for plaintiff.

intervening creditors.